Molly J. Henry, OSB No. 140023
KEESAL, YOUNG & LOGAN
1301 Fifth Avenue, Suite 3300
Seattle, Washington 98101
Telephone:   (206) 622-3790
Facsimile:   (206) 343-9529
Email:  molly.henry@kyl.com
Attorneys for Defendant
Wells Fargo Bank, N.A.

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **KEITH L. HAYES,**<br><br>                                 Plaintiff,<br><br>            vs.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>                                 Defendant. | Case No. 3:15-cv-00651-PK<br><br>**WELLS FARGO'S MOTION AND MEMORANDUM FOR JUDGMENT ON THE PLEADINGS** |

## LR 7-1 CERTIFICATION

Counsel for Defendant Wells Fargo Bank, N.A. ("Defendant") hereby certifies pursuant to LR 7-1 that she made good faith efforts to resolve the issues presented in this motion with Plaintiff, but Plaintiff refused to confer.

On April 28, 2015, I called Plaintiff to discuss the issues raised by this motion.  Plaintiff did not pick up the phone.  His voicemail indicated that he would be out for two weeks, but was receiving voicemail.  I left a voice message indicating that I wished to confer on a motion to dismiss and asked Plaintiff to call me back. Plaintiff never returned my call.

On May 7, 2015, I again called Plaintiff to discuss the grounds for this motion.  Plaintiff did not pick up and his voicemail continued to indicate that he

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 1

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

would be out for two weeks.  I left a second message for Plaintiff describing in detail the grounds for this motion and again asking him to call me back and confer. Plaintiff never returned my call.

On June 10, 2015, I called Plaintiff a third time to confer on this motion. Plaintiff's voicemail continued to indicate that he would be out for two weeks.  I left him another detailed message laying out the grounds for our proposed motion and asking him to call me back to confer.  As of the date of filing this motion, Plaintiff has not returned any of my calls.

## MOTION

Defendant hereby moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  This motion is based on the files and records in this case and the subjoined Memorandum Supporting Motion for Judgment on the Pleadings, with judicially noticeable exhibits thereto.

## I.    INTRODUCTION

Plaintiff seeks to unwind a nonjudicial foreclosure sale that occurred nearly five years ago.  He does not dispute that he defaulted on his loan payments. Moreover, he admits that he received the Notice of Default and Election to Sell setting the sale date for November 8, 2010.  The property sold on that date.  Nearly five years later, Plaintiff filed suit seeking damages and to unwind the foreclosure sale based on allegations that Wells Fargo Bank, N.A. ("Wells Fargo") violated ORS 86.750 and breached an unspecified term of an unspecified contract.  The Court should enter judgment on the pleadings dismissing Plaintiff's claims with prejudice.

***First***, Plaintiff's deed of trust required him to provide Wells Fargo with notice and an opportunity to cure prior to bringing any action.  Plaintiff's claims arise out of the deed of trust, but he fails to allege compliance with the notice and cure provision.  That is fatal to his claims. *Roiseland v. Flagstar Bank, FSB,* 989 F.

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 2

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

Supp. 2d 1095, 1107 (D. Or. 2013); *Higley v. Flagstar Bank, FSB,* 910 F. Supp. 2d 1249, 1253 (D. Or. 2012).

*Second*, Plaintiff's claims are barred by ORS 86.797.  Plaintiff does not dispute that he received notice prior to the trustee's sale in 2010.  Accordingly, the sale "foreclosed and terminated" Plaintiff's interest in the property.  ORS § 86.797(1).

*Third,* Plaintiff's claims that Wells Fargo violated ORS 86.750 are barred by the statute of limitation in ORS 12.110 and otherwise fail to state plausible claims for relief.

*Fourth,* Plaintiff's breach of contract claim fails because he cites no contract provision that he contends was breached and because he fails to allege his own material compliance.

## II.    FACTS

On October 26, 2006, Plaintiff signed a promissory note to obtain a $231,200 loan from Wells Fargo ("Note").  Complaint ¶ 5; Ex. A.[1]  In order to secure his obligations under the Note, Plaintiff granted Wells Fargo a deed of trust ("DOT") on property he purchased located at 1535 SW Clay Street #240, Portland, Oregon 97201 ("Property").  Ex. B.

Plaintiff defaulted on his obligations under the Note by failing to make a payment due on March 1, 2010, and all payments due thereafter.  Accordingly, on

---

[1] The Court may consider documents relied on in a complaint without converting a motion to dismiss to one for summary judgment.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (impliedly overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002)).  The Court can consider documents outside the pleadings if their authenticity is not contested and the complaint necessarily relies on them.  *Id.*  The Court can also take judicial notice of matters of public record, such as recorded documents.  *Id.*  Pursuant to Fed. R. Evid. 201, Wells Fargo respectfully requests that the Court take judicial notice of the promissory note, deed of trust, notice of default, and trustee's deed attached hereto because they are either expressly referenced in the complaint or are matters of public record and therefore not subject to reasonable dispute.

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

June 30, 2010, the trustee of the DOT recorded a Notice of Default and Election to Sell ("Notice of Default"). Complaint ¶ 6; Ex. C. The Notice of Default recited that Plaintiff owed $210,275.51 on the Note. Plaintiff does not dispute his default. *See* Complaint ¶ 6. The Notice of Default set November 8, 2010, as the date of the trustee's sale of the Property. Complaint ¶ 6; Ex. C.

Plaintiff does not (because he cannot) allege that he notified Wells Fargo of his claims and gave it the opportunity to cure prior to the sale. Moreover, Plaintiff took no steps to restrain the trustee's sale. Accordingly, the trustee sold the property as advertised on November 8, 2010. Complaint ¶ 10. Federal National Mortgage Association (a/k/a Fannie Mae) purchased the property for $225,275.83. Ex. D.

## III.   ARGUMENT

### A.   Legal Standard.

The standards governing a Fed. R. Civ. P. 12(c) motion for judgment on the pleadings are the same as those governing a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Dworkin v. Hustler Magazine Inc.,* 867 F.2d 1188, 1192 (9th Cir. 1989) (noting that the only difference between a Fed. R. Civ. P. 12(c) motion and a 12(b)(6) motion is timing).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim is facially plausible only when the complaint alleges facts that allow a reasonable inference that the defendant would be liable for the alleged misconduct." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed me

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 4

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

accusation." *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  Similarly, legal assertions and conclusory statements of elements are not entitled to a presumption of truth.  *Id.* at 679.

Finally, where documents relied on contradict the complaint's allegations, the documents control.  *Stackman v. Hart Brewing, Inc.,* 143 F.3d 1293, 1295-96 (9th Cir. 1998)) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

**B.    Plaintiff Failed to Satisfy the Contractual Notice and Cure Requirement.**

Separate and apart from the numerous deficiencies in the Complaint, the Court should dismiss Plaintiff's claims for failure to comply with an agreed "notice and cure" requirement in the DOT.  Plaintiff's claims all arise out of his contention that Wells Fargo wrongfully foreclosed on the DOT.  *See* Complaint ¶¶ 5-16 (alleging claim for "wrongful foreclosure" and breach of the deed of trust). Importantly, Plaintiff does not and *cannot* allege that he complied with the prerequisite notice and cure provision.

Paragraph 20 of the DOT provides, in pertinent part:

> Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party . . . of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take correction action. . . .

There can be no legitimate dispute that Plaintiff's claims here arise from Wells Fargo's actions pursuant to the DOT, or at the very least, alleged duties Wells Fargo owed to him by reason of the DOT.

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

Courts have repeatedly dismissed foreclosure related claims by borrowers for failure to comply with identical notice and cure provisions. *Roiseland,* 989 F. Supp. 2d at 1107 (dismissing breach of contract claim with prejudice due to plaintiff's failure to allege compliance with identical notice and cure provision); *Higley,* 910 F. Supp. 2d at 1253 (claim that bank violated ORS 86.705 barred by plaintiff's failure to allege facts showing compliance with identical notice and cure provision); *Niyaz v. Bank of Am.,* 2011 U.S. Dist. LEXIS 156, at *5-6 (E.D. Va. Jan. 3, 2011) (complaint dismissed where borrower failed to comply with notice and cure requirements in deed of trust and allegations all related to actions taken pursuant to deed of trust).

The notice and cure provision that Plaintiff agreed to is "intended to give the allegedly breaching party an opportunity to cure its breach." *Higley,* 910 F. Supp. 2d at 1253. Oregon courts enforce similar contractual grievance procedures. *See, e.g., Brooks v. City of Beaverton,* 67 Or. App. 588, 592 (1984) ("[P]laintiff's claim is barred by his failure to comply with the contractual grievance procedure.").

In *Roisland v. Flagstar Bank, FSB,* 989 F. Supp. 2d at 1106-1107, Judge Mosman of this district held that a borrower's breach of contract claim was barred by a notice and cure provision in a deed of trust where the borrower failed to allege compliance. Although Judge Mosman dismissed Roisland's claims for unlawful foreclosure, declaratory judgment, violation of the Unlawful Debt Collection Practices Act and quiet title on other grounds, he noted that "I expect that [these claims] would [also] fall under the requirements of the notice and cure provisions, as claims 'arising from the other party's actions pursuant to the Security Instrument.'" *Id.* at n.10. In other words, had they not been dismissed on other grounds, Judge Mosman would have dismissed Roisland's tort claims for failure to comply with the notice and cure provision in his deed of trust.

Case No.: 3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 6

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON 98101
(206) 622-3790

Similarly, in *Higley,* Judge Simon found that an identical notice and cure provision barred a borrower's claim that the bank violated ORS 86.735. *Higley,* 910 F. Supp. 2d at 1254. Judge Simon reasoned that "[b]y failing to comply with the notice-and-cure provision, the Higleys deprived Flagstar of an opportunity to correct [the alleged violation.]" Accordingly, the court ruled that the borrowers' claim was barred and dismissed it with prejudice. *Id.*

Although Plaintiff's complaint is no model of clarity, he generally alleges three claims for relief based on allegations that Wells Fargo violated ORS 86.750 and breached an unspecified contract in connection with the foreclosure of the DOT. Complaint ¶¶ 6-16. Plaintiff does not (because he cannot) allege that he provided Wells Fargo with the required notice under the DOT that would have allowed it to correct these alleged deficiencies. Because Plaintiff's claims all arise from actions pursuant to the DOT, and because he failed to (and cannot) allege compliance with the notice and cure provision, the Court should dismiss the Complaint with prejudice.

**C.      Plaintiffs' Claims are Barred by ORS 86.797.**

Even if Plaintiff's claims were not barred by his failure to comply with the notice and cure provision in the DOT, his claims otherwise fail under ORS 86.797(1). That statute provides that "[i]f, under [the ODTA], a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.764 and ORS 86.774 . . . ." ORS 86.797(1) (emphasis added). ORS 86.764 and ORS 86.774 require notice to be given, among others, to the grantor under the Deed of Trust (i.e. the borrower) and occupants of the property subject to the foreclosure. ORS 86.764(2)(a); ORS 86.774(1).

Numerous courts in Oregon have held that ORS 86.797(1) (formerly found at ORS 86.770) bars post-sale challenges to a foreclosure where the trustee provided

Case No.: 3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 7

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

proper notice of the foreclosure.  For example, in *Mikityuk v. Northwest Tr. Servs.*, 952 F. Supp. 2d 958 (D. Or. 2013), the court noted the policy reasons of "efficiency, certainty, and finality" weighed "against the threat of wrongful foreclosure" and concluded "the need for certainty and finality trumped the risks of wrongful foreclosure." *Mikityuk*, 952 F. Supp. 2d 958 at 968.  The court reasoned that "notice and reinstatement provisions" protected "grantors against the threat of wrongful foreclosure." *Id.* at 970.  Based on the plaintiffs' delay of nineteen months following foreclosure in filing suit, the court found that "[v]oiding the sale here would encourage grantors who receive notice of a sale to sit on their rights, rather than compelling grantors to bring pre-sale challenges to a trustee's sale." *Id.* Accordingly, the court dismissed the plaintiffs' post-sale challenges to the foreclosure because their "interest in the property was 'foreclosed and terminated' pursuant to ORS 86.770(1)." *Id.* at 970.

Similarly, in *Chen v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 106199 (D. Or. July 25, 2013), the plaintiff admitted to defaulting on the obligation, receiving prior notice of defendants' intention to foreclose, and that the property was sold at a trustee's sale.  *Chen*, 2013 U.S. Dist. LEXIS 106199, at *1.  Nevertheless, like this case, the plaintiff did not file the action until after the trustee's sale and recording of the trustee's deed.  *Id.* at *1-2.  The court held that ORS 86.770(1) terminated his interests and barred the plaintiff's challenges to the non-judicial foreclosure sale based on his receipt of notice of the sale.  *Id.* at *4 (citing ORS 86.770(1)).  The court stated that "[t]he notice provisions . . . provide those whose property interests could be affected by a trustee's sale sufficient time to act to protect those interests before the sale." Id. at *4-5.  Accordingly, the time to make such a challenge had "long passed." Id. at *4.

Other courts have reached the same conclusion.  *Liu v. Northwest Trustee Svs., Inc.,* 2014 U.S. Dist. LEXIS 20946 (D. Or. Feb. 19, 2014) (claims for injunctive

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 8

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

and declaratory relief barred by ORS 86.770); *Woods v. United States Bank N.A.*, 2013 U.S. Dist. LEXIS 146485, at *13-14 (D. Or. Oct. 10, 2013) ("The Court adopts the reasoning of *Mikityuk*, *Chen*, and other decisions" and concludes that "Plaintiff's claim is barred under § 86.770(1)"); *Hart v. Pacific Trust Bank*, 2013 U.S. Dist. LEXIS 128115, at *5 (D. Or. Sept. 9, 2013) (despite notice, plaintiff chose to delay such challenges until after the trustee's sale and recording of the trustee's deed, thus, Plaintiff's challenges are barred, because her interest in the property was "foreclosed and terminated.").

Plaintiff does not deny that he defaulted on the Note and DOT, and he admits that he received notice of the sale. Complaint ¶¶6-7. Like the borrowers in *Mikityuk*, *Chen*, and the other cases cited above, Plaintiff had sufficient time to raise his challenge before the sale, but he waited nearly ***five years*** after the trustee's sale and recording of the trustee's deed to raise his claims.

Plaintiff's interest in the Property was "foreclosed and terminated" by the trustee's sale. Accordingly, ORS 86.797(1) bars Plaintiff's post-sale challenge to the validity of the foreclosure.

### D.  Plaintiff's Claim Under ORS 86.750 Fails.

Plaintiff's first and third claim for relief are based on the conclusory allegation that Wells Fargo violated ORS 86.750 (renumbered and amended as ORS 86.752 in 2013) by failing to consider his loan modification request prior to foreclosing. Complaint ¶¶ 8, 16. Plaintiff's claim fails for two reasons. First, it is barred by the two year statute of limitation found in ORS 12.110. Second, even if it were not time barred, Plaintiff fails to allege facts to support a plausible violation of ORS 86.750.

### 1.  Plaintiff's ORS 86.750 Claim is Time Barred.

ORS 12.110(1) provides that actions not otherwise specifically enumerated in the chapter must be commenced within two years. Plaintiff alleges that Wells

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 9

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

Fargo violated ORS 86.750 by "refusing" to consider the loan modification application that he alleges he submitted in July, 2010.  Complaint ¶¶7, 8 and 16.  At the very latest, his claim accrued when the Property sold at the nonjudicial foreclosure sale on November 8, 2010.  Because Plaintiff did not commence his action until 2015—**three years** after the two year limitation period had run—his claim is time barred.

### 2.    Plaintiff Failed to Allege a Plausible Violation of ORS 86.750.

Plaintiff's ORS 86.750 claim separately fails because he fails to allege a plausible claim.  In 2010, ORS 86.750 provided that "if a grantor returns [a loan modification application as required by the statute] . . . the beneficiary . . . shall review the information the grantor provided in the form and, in good faith, shall process the grantor's request. . . .  [A]s soon as reasonably practicable but not later than 45 days after receiving the form, [the beneficiary] shall notify the grantor whether the beneficiary approves or denies the request or requires additional information."  2009 Ore. SB 628.

Plaintiff's Complaint contains little more than a conclusory assertion that "defendant failed and refused" to consider his application.  Complaint ¶¶ 8, 16.  The Complaint is void of any factual that would plausibly show Wells Fargo acted in bad faith.  Plaintiff's unadorned "the defendant unlawfully harmed me" conclusion is insufficient to put Wells Fargo on notice of any wrongdoing and therefore fails to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678.

### E.    Plaintiff's Breach of Contract Claim Fails.

Plaintiff's breach of contract claim fails for two additional reasons.  First, Plaintiff points to no specific term of any contract he alleges was breached.  To state a plausible claim for breach of contract, Plaintiff must allege "the existence of a contract, its relevant terms, [his own] full performance and lack of breach, and [Wells Fargo's] breach resulting in damage to [Plaintiff]."  *Commerce & Indust. Ins.*

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 10

*Co. v. HR Staffing*, 2015 U.S. Dist. LEXIS 2501 at *4 (D. Or. Jan. 8, 2015) (*citing Slover v. Oregon State Bd. of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996)). No contract required Wells Fargo to modify the terms of Plaintiff's Note and DOT. With no allegations showing a term of a contract and a plausible breach, Plaintiff's claim fails.

Moreover, Plaintiff is barred from asserting a breach of contract claim against Wells Fargo because he materially breached the parties' contract. "It is well established, at least as a general rule, that a plaintiff who seeks to recover under the terms of an express contract for defendant's failure to perform its terms must plead and prove his own substantial performance or a valid excuse for his failure to perform." *Wasserburger v. Amer. Sci. Chem.*, 267 Ore. 77, 82 (1973); *Su Yong Kim v. Chon Sik Park*, 192 Ore. App. 365, 369 (2004) ("[A] party who seeks to recover damages on a contract must plead and prove its own performance or a valid excuse for its failure to perform."). "It is also well established, at least as a general rule, that a breach or nonperformance of a promise by one party to a bilateral contract so material as to justify a refusal of the other party to perform a contractual duty, discharges that duty." *Wasserburger*, 267 Ore. at 82.

Plaintiff does not dispute that he defaulted on his loan payments as set forth in the Notice of Default. His failure to make payments on time constitutes a material breach. *Bisio v. Madenwald*, 33 Ore. App. 325, 331 (1978) ("A breach is material if it goes to the very substance of the contract and defeats the object of the parties entering into the contract."). Plaintiff's own breach bars his breach of contract claim against Wells Fargo as a matter of law.

//

//

//

//

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 11

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, the Court should grant Wells Fargo's motion and dismiss Plaintiff's claims with prejudice.

DATED this 11th day of June, 2015.

KEESAL, YOUNG & LOGAN

/s/ Molly J. Henry
Molly J. Henry, OSB No. 140023
Attorneys for Defendant
Wells Fargo Bank, N.A.

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 12

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790

## CERTIFICATE OF SERVICE

I hereby certify that on the date given below, I electronically filed the foregoing **WELLS FARGO'S MOTION AND MEMORANDUM FOR JUDGMENT ON THE PLEADINGS** with the Clerk of the Court using the CM/ECF system and served upon the following person(s) via First Class U.S. Mail, postage prepaid:

Keith L. Hayes
POB 13676
Salem, OR  97309
Pro Se Plaintiff

DATED this 11th day of June, 2015, at Seattle, Washington.

_Hillary Poole_

Hillary R. Poole

Case No.:  3:15-cv-00651-PK
WELLS FARGO'S MOTION AND MEMORANDUM
FOR JUDGMENT ON THE PLEADINGS - 13

KEESAL, YOUNG & LOGAN
1301 FIFTH AVENUE, SUITE 3300
SEATTLE, WASHINGTON  98101
(206) 622-3790