IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEITH L. HAYES,

        Plaintiff,

                                    3:15-CV-00651-PK

v.                                    FINDINGS AND
                                    RECOMMENDATION

WELLS FARGO BANK, N.A.,

        Defendant.

---

PAPAK, Magistrate Judge:

On April 1, 2015, Plaintiff Keith L. Hayes filed an action for declaratory judgment and damages against Defendant Wells Fargo Bank N.A. ("Wells Fargo") based on a nonjudicial foreclosure sale of property in 2010. Hayes argues that Wells Fargo: (1) unlawfully disregarded his homeowner's assistance application in violation of ORS 86.750;[1] (2) willfully, maliciously, negligently, and in bad faith breached its contract with Hayes; and (3) failed to meet the requirements of ORS 86.750 prior to the sale. This court has jurisdiction over this claim pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

Now before the court is Wells Fargo's motion for judgment on the pleadings (#5). For the

---

[1] ORS 86.750 was amended and renumbered as ORS 86.752 in 2013.

Page 1 – FINDINGS AND RECOMMENDATION

reasons set forth below, Wells Fargo's motion should be granted and Hayes' claims should be dismissed with prejudice.

## FACTUAL BACKGROUND

On October 26, 2006, Hayes signed a promissory note to obtain a $231,200 loan ("Note") from Wells Fargo in order to purchase real property at 1535 SW Clay Street #240, Portland, Oregon 97201 ("Property").   Hayes granted Wells Fargo a deed of trust ("DOT") on the property to secure his obligations under the loan.

Hayes defaulted on the Note after failing to make a payment due on March 1, 2010, and similarly failing to make all payments due thereafter.   On June 30, 2010, the trustee of the DOT, Fidelity National Title Insurance Company, recorded a Notice of Default and Election to Sell ("Notice of Default").   The property was sold on November 8, 2010, to Federal National Mortgage Association for $225,275.83.

On April 1, 2015, Hayes filed his complaint (#1) in the Circuit Court for the State of Oregon in Multnomah County.   Wells Fargo filed its notice of removal (#4) on April 17, 2015. On June 11, 2015, Wells Fargo filed its motion for judgment on the pleadings (#5).[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 12(c) governs a party's motion for judgment on the pleadings.   Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).   "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings

---

[2] Hayes did not file a brief in response to or otherwise resist Wells Fargo's motion, and was unreachable by opposing counsel as of June 11, 2015.   Def. Mot. for J. on the Pleadings, #5, at 1–2.

that no material issue of fact remains to be resolved and that it is entitled to a judgment as a matter of law." *Hal Roach Studios, Inc., v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) (citations omitted).    In evaluating a motion for judgment on the pleadings, the allegations of the non-moving party are credited as true, whereas those allegations of the moving party which have been denied are deemed false for the purposes of the motion.    *See id.*

As a general rule, "judgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue." *Hal Roach Studios, Inc.,* 896 F.2d at 1550.    The court may, however, consider documents whose contents are alleged in a complaint, and whose authenticity no party questions, even if the documents are not physically attached to the pleadings. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).    Consideration of documents incorporated into the complaint does not convert the motion for judgment on the pleadings to one for summary judgment. *See id.*

## ANALYSIS

Hayes challenge Wells Fargo's foreclosure sale on three grounds.    He alleges that Wells Fargo: (1) unlawfully disregarded his homeowner's assistance application in violation of ORS 86.750; (2) willfully, maliciously, negligently, and in bad faith breached its contract with Hayes; and (3) failed to meet the requirements of ORS 86.750 prior to the foreclosure sale.    In its answer, Wells Fargo made four affirmative defenses: (1) Hayes failed to state a claim; (2) Hayes' claims are barred by the statute of limitations; (3) Hayes' claims are barred by his own material breach; and (4) Hayes' conduct was the cause of the alleged damages.    After considering all of the parties' pleadings and the relevant documents in the record, I find that Wells Fargo's motion should be granted for the reasons set forth below.

Page 3 – FINDINGS AND RECOMMENDATION

I.    **All of Hayes' Claims are Barred by ORS 86.797(1)**

Wells Fargo argues that all of Hayes' claims are barred by ORS 86.797(1)[3], a provision of the Oregon Trust Deed Act (OTDA).   The statute provides that "[if] . . . a trustee sells property covered by a trust deed, the trustee's sale forecloses and terminates the interest in the property that belongs to a person to which notice of the sale was given under ORS 86.764 and 86.774 . . . ."   *See* ORS 86.797(1); *Baggao v. Mascaro*, 77 Or. App. 627, 630–31 (1986).   The statute "reflect[s] the legislature's intent to protect the grantor against the unauthorized loss of its property and to give the grantor sufficient opportunity to cure the default."   *Staffordshire Investments, Inc. v. Cal-W. Reconveyance Corp.*, 209 Or. App. 528, 542 (2006).   A number of courts have held that this statute precludes post-sale challenges to foreclosure when the plaintiff was given proper notice. *See, e.g., Offenbacher–Afolau v. ReconTrust*, Multnomah County Circuit Court Case No. 1202– 02429, at 2 (Jan. 16, 2013) ("[P]laintiff is statutorily barred under ORS 86.770 from challenging a completed foreclosure sale of which she had notice.   No amendment will cure this jurisdiction defect, and, accordingly, the Court finds the dismissal shall be with prejudice."); *Mikityuk v. Northwest Tr. Servs.*, 952 F. Supp. 2d 958 (D. Or. 2013) ("[o]ne who waits until after the trustee's sale risks having one's property interest 'foreclosed and terminated"); *Hart v. Pac. Trust Bank*, 2013 WL 4829172, at *2 (D. Or. Sept. 9, 2013); *Chen v. Bank of Am., N.A.*, 2013 WL 3929854 (D. Or. July 25, 2013).

---

[3] ORS 86.797 was renumbered from ORS 86.770 in 2013.

Explaining the legislative intent behind and effect of ORS 86.797(1), the *Mikityuk* court reasoned:

> [T]he text and context of the OTDA demonstrate that the legislature weighed efficiency, certainty, and finality against the threat of wrongful foreclosure and, after including notice provisions intended to protect the grantor from wrongful foreclosure, came to the conclusion that the need for certainty and finality trumped the risks of wrongful foreclosure.

*Mikityuk*, 952 F. Supp. 2d at 966.   I find this reasoning persuasive.   The grantor's remedy for wrongful foreclosure is to challenge trustee's power of sale upon receipt of notice, prior to the trustee's sale and the recordation of the trustee's deed.   Post hoc challenges disturb the certainty and finality of property transfers and are barred by ORS 86.797(1) when proper notice is given.

Here, Hayes admits that he was in default and that he received proper notice of the sale. Complaint ¶¶ 6–7.   Hayes chose not to challenge the foreclosure before the sale occurred, and instead waited five years after the fact to raise his claims.   Consequently, his interest in the property was "foreclosed and terminated" and all of his claims are now barred under ORS 86.797(1).

## II.   Hayes' First and Third Claims That Wells Fargo Violated ORS 86.750 Are Time Barred Under ORS 12.110(1)

Hayes alleges that Wells Fargo violated ORS 86.750 because it "failed and refused" to consider: (1) his homeowner's assistance application, and (2) his Loan Modification Request Form.   Complaint, #1, ¶¶ 7–9, 16.   Both the application and the form were submitted in 2010. *Id.*   Wells Fargo argues that Hayes' complaint is time barred by ORS 12.110(1) and that his pleading is insufficient to state a claim.   ORS 12.110(1) provides as follows:

> An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially

Page 5 – FINDINGS AND RECOMMENDATION

enumerated in this chapter, shall be commenced **within two years**; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit.

ORS 12.110(1) (emphasis added).    Here, Hayes sought relief under ORS 86.750 in July 2010 and the foreclosure sale occurred in November 2010.    Complaint, #1, ¶ 7.    Therefore, if Wells Fargo did violate ORS 86.750, it necessarily did so sometime in 2010 before moving forward with the foreclosure sale.    Hayes did not file the instant action until April 2015, nearly five years later. Accordingly, his claims that Wells Fargo violated ORS 86.750, even if meritorious, are time barred.    Because I find that Hayes' claims are precluded by Oregon's statute of limitations, I do not reach the merits of his claims with respect to ORS 86.750.

## III.    Hayes' Second Claim for Breach of Contract Claim is Barred by the Contractual "Notice and Cure" Requirement and His Own Material Breach

### A.    The "Notice and Cure" Requirement Bars Hayes' Claim

Hayes argues that Wells Fargo's actions were "willful, malicious, negligent, and in breach of contract" because it failed to act on his assistance application.[4]    Complaint, #1, ¶ 13.    Wells Fargo contends that Hayes' action for breach of contract is barred because of his failure to comply with a "notice and cure" provision of the DOT.    The DOT provides, in relevant part:

> Neither Borrower nor Lender may commence . . . any judicial action . . . that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party . . . of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take correction action. . . .

---

[4] Though Hayes does not identify what specific contract or terms were violated, all of Hayes' claims arise from his contention that Wells Fargo wrongfully foreclosed on the DOT.    Complaint, #1, ¶¶ 5–16.

Def. Ex. B., #5, ¶ 20.   Wells Fargo argues that Hayes "failed to (and cannot) allege compliance with the notice and cure provision."   Def. Mot. for J. on the Pleadings, #5, 7.

Numerous courts in this district and elsewhere have found that identical notice and cure provisions in trust deeds bar claims when the homeowner fails to provide notice prior to commencing an action.   *See Higley v. Flagstar Bank*, FSB, 910 F. Supp. 2d 1249, 1253 (D. Or. 2012) (failure to follow notice and cure provision bars claim alleging violation of ORS 86.735); *Gerber v. First Horizon Home Loans Corp.*, 2006 WL 581082 at *2 (W.D. Wash. Mar. 8, 2006) (failure to follow notice and cure provision bars breach of contract claim).   Similar contractual agreements are also generally recognized by Oregon law.   *See Rueda v. Union Pac. R. Co.*, 180 Or. 133, 141, 175 P.2d 778 (1946) ( "Limited arbitration or submission agreements when stated as conditions precedent to liability are not illegal and, when a plaintiff has brought suit without first pursuing the agreed procedure, they may be set up as a stay or a bar to the action."); *Lincoln Const., Inc. v. Thomas J. Parker & Associates, Inc.*, 289 Or. 687, 692, 617 P.2d 606 (1980) ("When a contract clearly expresses that a third person is to make final decisions respecting specified matters, such agreement is enforceable.").

Hayes' complaint does not allege compliance with—or even make mention of—the notice and cure provision.   Notice and cure provisions are "intended to give the allegedly breaching party an opportunity to cure its breach."   *Higley*, 910 F. Supp. at 1253.   Had Hayes timely notified Wells Fargo of the alleged breach, Wells Fargo would have had an opportunity to correct its breach and prior to the allegedly-wrongful foreclosure sale.   Because he failed to do so, this claim should be dismissed.

Page 7 – FINDINGS AND RECOMMENDATION

**B.    Hayes' Own Material Breach Bars His Claim**

Wells Fargo argues that Hayes' material breach of the DOT bars his claims for breach of

contract.    "It is well established . . . that a plaintiff who seeks to recover under the terms of an

express contract for defendant's failure to perform its terms must plead and prove his own

substantial performance or a valid excuse for his failure to perform."    *Wasserburger v. Amer. Sci.*

*Chem.*, 267 Or. 77, 82 (1973); *see also Su Yong Kim v. Chon Sik Park*, 192 Or. App. 365, 369

(2004) ("[A] party who seeks to recover damages on a contract must plead and prove its own

performance or a valid excuse for its failure to perform.")

Hayes, again, does not dispute that he defaulted on the DOT and Note.    This constitutes

material breach because it "goes to the very substance of the contract and defeats the object of the

parties entering into the contract."    *Bisio v. Madenwald*, 33 Or.App. 325, 331 (1978), *rev. den.*

283 Or. 1 (1978).    Therefore, Hayes' failure to meet his obligations under the DOT and note bars

his claims for breach of contract against Wells Fargo.

## CONCLUSION

For the reasons set forth above, Wells Fargo's motion for judgment on the pleadings (#5)

should be granted and Hayes' claims should be dismissed with prejudice.    A final judgment

should be prepared.

///

///

///

///

///

Page 8 – FINDINGS AND RECOMMENDATION

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.    Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation.    If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections.    When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 26th day of August, 2015.

Honorable Paul Papak
United States Magistrate Judge