# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

**KEITH L. HAYES**,

          Plaintiff,

    v.

**WELLS FARGO BANK, N.A.**,

          Defendant.

Case No. 3:15-CV-00651-PK

**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS**

Keith L. Hayes, PO Box 13676, Salem, OR 97309. Pro Se.

Molly J. Henry, Keesal, Young & Logan, 1301 Fifth Ave, Ste 3300, Seattle, WA 98101. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

       United States Magistrate Judge Paul Papak issued a Findings and Recommendation in this case on August 28, 2015. Dkt. 9. Judge Papak recommended that Defendant Wells Fargo Bank N.A.'s ("Wells Fargo") motion for judgment on the pleadings (Dkt. 5) be granted. Specifically, Judge Papak recommended that the Court dismiss with prejudice all three of Plaintiff Keith L. Hayes's ("Hayes") claims: (1) that Wells Fargo unlawfully disregarded his

homeowner's assistance application in violation of Or. Rev. Stat. ("O.R.S.") § 86.750;[1] (2) that

Wells Fargo willfully, maliciously, negligently, and in bad faith breached its contract with

Hayes; and (3) that Wells Fargo failed to meet the requirements of O.R.S. § 86.750 prior to the

sale.

Wells Fargo filed its motion for judgment on the pleadings on June 11, 2015. Dkt. 5.

Wells Fargo could not reach Hayes by telephone as of June 11, 2015. *Id.* at 1-2. Hayes did not

file a brief in response to Wells Fargo's motion nor did he file any objections to Judge Papak's

Findings and Recommendation.

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in

whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). If a party files objections to a magistrate's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings

or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

---

[1] O.R.S. § 86.750 was amended and renumbered as O.R.S. § 86.774 in 2013. There is a scrivener's error in the Findings and Recommendation, which notes that O.R.S. § 86.750 was amended and renumbered as O.R.S. § 86.752 in 2013.

Hayes asserts that O.R.S. § 86.750 required Wells Fargo to consider his application for homeowner's assistance. The 2010 version of the statute and the statute now in effect never mention an application for homeowner's assistance. In 2010, however, O.R.S. § 86.750 contained subsection (5), which was deleted on January 2, 2012. *See* S. 628, 75th Leg., Reg. Sess. (Or. 2009) (providing for the deletion of subsection (5)). Subsection (5) required that before a trustee conducted a sale, "the beneficiary or the beneficiary's agent" shall file an affidavit "that states how the beneficiary or the beneficiary's agent has complied with the provisions of section 3 (1) and (2), chapter 864, Oregon Laws 2009." Section 3 of chapter 864 was a temporary provision that required the beneficiary or beneficiary's agent to review a homeowner's loan modification form if a grantor returned such a form to the lender. Section 3 of chapter 864 became section 1 in chapter 40 of Oregon Laws 2010. Hayes likely refers to the requirements of section 3, chapter 864, Oregon Laws 2009, and section 1, chapter 40, Oregon Laws 2010, when he asserts that Wells Fargo violated O.R.S. § 86.750.

If no party objects, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review de novo magistrate's findings and recommendations if objection is made, "but not otherwise").

Although review is not required in the absence of objections, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the court review the magistrate's findings and recommendations for "clear error on the face of the record."

No party having made objections, this Court follows the recommendation of the Advisory Committee and reviews Judge Papak's Findings and Recommendation for clear error on the face of the record. No such error is apparent. The Court thus ADOPTS Judge Papak's Findings and Recommendation. Dkt. 9. Wells Fargo's motion for judgment on the pleadings (Dkt. 5) is GRANTED. Hayes's complaint is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 28th day of September, 2015.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge